UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

       Plaintiff,
vs.


FEDEX OFFICE AND PRINT SERVICES, INC.
d/b/a FedEx Office Print &
Ship Center at Ponce de Leon,
PONAN PARTNERS, LLC

       Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant FedEx Office and Print Services, Inc. doing business as FedEx Office Print & Ship Center at Ponce de Leon and Defendant Ponan Partners, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant FedEx Office and Print Services, Inc. (also referenced as "Defendant FedEx Office," "tenant," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. FedEx Office is an American retail chain that provides an outlet for FedEx Express and FedEx Ground shipping, as well as printing, copying, and binding services. All FedEx Office retail outlets are corporate owned. There are no franchises. FedEx Office is a subsidiary of FedEx Corporation which is a multinational delivery company on the NYSE and which is a component of the S&P 100 and S&P 500, has 600,000 employees and reported revenue in 2019 of $69 billion USD.

6. Defendant Ponan Partners, LLC (also referenced as "Defendant Ponan," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 2417 Ponce de Leon, Coral Gables, Florida 33134, which is also referenced as folio 03-4117-005-0760. Defendant Ponan's real property is a commercial property which is leased to co-Defendant FedEx Office who in turn has operated a copy, ship, and print center under the "FedEx Office Print & Ship" brand.

## **FACTS**

7. FedEx Office Print & Ship centers provide copy, print and ship services and also sell stationery and shipping materials. All FedEx Office Print & Ship Centers are places of public accommodation pursuant to 42 U.S.C. §12181 and 28 C.F.R. §36.104(6) as an "other" service establishment. The FedEx Office Print & Ship Center located at 2417 Ponce de Leon which is the subject of this complaint is also referenced as "FedEx Office Print & Ship Center," "FedEx Center at Ponce de Leon," "copy, print and ship services center," or "place of public accommodation."

8. As the operator of copy, print and ship service centers which are open to the public, Defendant FedEx Office is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a copy, print and ship services center; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

9. Due to the close proximity to Plaintiff's home to the FedEx Center at Ponce de Leon, on May 23, 2021 Plaintiff went to the copy, print and ship services center with the intent of making some copies and shipping a package.

10. On entering the FedEx Office Print & Ship Center, Plaintiff had occasion to use the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is perambulates with a wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the FedEx Office Print & Ship Center (Defendant FedEx Office) and by the owner/lessor of the commercial property which houses the copy, print and ship services center (Defendant Ponan).

12. On information and belief, Defendant FedEx Office is well aware of the ADA and the need to provide for equal access in all areas of its copy, print and ship services centers. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its FedEx Center at Ponce de Leon is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property which is operated as a copy, print and ship services center open to the public, Defendant Ponan is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(6). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Ponan is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the FedEx Center at Ponce de Leon, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the FedEx Center at Ponce de Leon, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant FedEx Office (lessee/operator of FedEx Center at Ponce de Leon) and Defendant Ponan (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods,

services, facilities, privileges, advantages and/or accommodations at the FedEx Office Print & Ship Center located at Ponce de Leon, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the FedEx Center at Ponce de Leon.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Ponan (owner/lessor) and which houses the FedEx Office Print & Ship Center (operated by tenant/lessee Defendant FedEx Office) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant FedEx Office (lessee/operator) and Defendant Ponan (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the lavatory without

    assistance, as the required maneuvering clearance was not provided on the pull side of the door. The restroom door does not provide the required maneuvering clearance due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant FedEx Office (lessee/operator) and Defendant Ponan (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted in a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 mm) from the secondary side wall (to the center of the toilet).

iii. As to Defendant FedEx Office (lessee/operator) and Defendant Ponan (owner/lessor of the property) (jointly and severally), Plaintiff could not close the lavatory stall without assistance, as the bathroom toilet compartment stall door does not have pull handles on both sides of the door near the latch, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §604.8.1.2.

iv. As to Defendant FedEx Office (lessee/operator) and Defendant Ponan (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted the wrong distance from the

        side wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

v.    As to Defendant FedEx Office (lessee/operator) and Defendant Ponan (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

vi.    As to Defendant FedEx Office (lessee/operator) and Defendant Ponan (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that

        controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

vii. As to Defendant FedEx Office (lessee/operator) and Defendant Ponan (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a FedEx Office Print & Ship Center accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the copy, print and ship services center therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against the Defendant Ponan Partners, LLC (owner of the commercial property housing the FedEx Office Print & Ship Center) and Defendant FedEx Office and Print Services, Inc. (operator of the FedEx Office Print & Ship Center) and requests the following relief:

    a) The Court declare that Defendants have violated the ADA;

    b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the FedEx Office Print & Ship Center located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 9th day of June 2021.

                                                Respectfully submitted,

                                                */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*